380 So.2d 222 (1980)
Gene F. GLESSNER, Plaintiff-Appellee,
v.
Freddie HYATT, Defendant-Appellant.
No. 7423.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
*223 Greg D. Lyons, Lake Charles, for defendant-appellant.
Louis D. Bishop, Jr., DeQuincy, for plaintiff-appellee.
Before FORET, CUTRER and DOUCET, JJ.
CUTRER, Judge.
This suit was filed by Gene Glessner against Freddie Hyatt to recover $4,340.32, the value of services allegedly rendered to defendant by plaintiff for the training of several race horses.
Pursuant to the Louisiana Long Arm Statute, citation and service of process were made on defendant, a non-resident. After defendant failed to answer or make an appearance, a preliminary default was entered against him on April 30, 1979. A final judgment of default was entered on May 25, 1979, in plaintiff's favor. From this judgment, defendant appeals.
The issue presented on appeal is whether the trial court erred in granting a final judgment by default for the reason that the proper time delays for the entering of a preliminary default were not observed.
LSA-R.S. 13:3205 provides, in part, that:
"No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who ...:
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant;..."
The words "default judgment," as used in this statute, mean preliminary default rather than confirmation of default. In the case of Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir. 1976), the court observed as follows:
"The reporter's comment (c) indicates that `default judgment' as used in § 3205 is intended to have the same meaning attributed to it by La.C.C.P. art. 1701, and in the professional vernacular to mean `preliminary default' rather than `confirmation of a default.'"
According to LSA-R.S. 13:3205, a "default judgment" may not be validly entered until thirty days have elapsed after the filing in the record of the affidavit of service. The record reveals that the affidavit required by R.S. 13:3205 was filed in the record on April 18, 1979. The preliminary default was entered on April 30, 1979. Since the thirty day period required by R.S. 13:3205 had not elapsed, the preliminary default entered against defendant was premature. It is well settled by the jurisprudence that any final judgment of default obtained without a valid preliminary default is an absolute nullity. Bickford v. Lutz, supra, and Welch v. Welch, 169 So.2d 713 (La.App. 4th Cir. 1964). Since the preliminary default of April 30, 1979 was invalid, being premature, the final judgment of default of May 25, 1979 was a nullity.
For the above and foregoing reasons, the judgment of the trial court is vacated and set aside. This case is remanded to the trial court for further proceedings. The costs of this appeal are assessed against plaintiff-appellee.
JUDGMENT VACATED; SET ASIDE AND REMANDED.