465 So.2d 948 (1985)
Robert L. DAVIS, Plaintiff-Appellee,
v.
TELE-TOTAL, INC., et al., Defendants-Appellants.
No. 16830-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1985.
Rehearing Denied March 27, 1985.
Lawrence & Shaw by William Paul Lawrence, II, Shreveport, for defendants-appellants.
Fayard & Snell by A.R. Snell, Bossier City, for plaintiff-appellee.
*949 Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
Plaintiff, Robert L. Davis, brought suit against the nonresident defendants, Tele-Total, Inc. and its president Robert Leventhal, to recover expenses incurred by Davis and money paid by him to the defendants pursuant to business dealings involving the sale and distribution of computer equipment. Davis alleged that the defendants defrauded him, as well as other individuals in this state, by collecting large sums of money without providing any benefits to the parties with whom the defendants contracted. Plaintiff sought to obtain personal jurisdiction over the defendants through the Louisiana long-arm statute, LSA-R.S. 13:3201 et seq.
The defendants filed declinatory exceptions, asserting insufficiency of citation, insufficiency of service of process, and lack of personal jurisdiction. The attorney who filed these exceptions on behalf of the defendants withdrew as counsel for the defendants, and the exceptions were subsequently overruled. The plaintiff later took a preliminary default judgment against the defendants, and then confirmed the default.
Defendant Leventhal appealed from the default judgment, contending that the judgment is a nullity because the record does not reflect service and citation as required by the long-arm statute and, further, that the judgment was taken in violation of the procedure set forth in LSA-R.S. 13:3205, which provides:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:
(a) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States Mail, to which shall be attached the return receipt of the defendant, or
(b) Actually delivered the process to the defendant showing the date, place, and manner of delivery.
The record in this case does not contain the affidavit clearly required as proof of service of process under the statutory language set forth above, and the plaintiff does not contend on appeal that such an affidavit was ever filed. Plaintiff argues that since the defendants filed exceptions the delay for answering was ten days after the exceptions were overruled as provided by LSA-C.C.P. Art. 1001, and that the provisions of LSA-R.S. 13:3205 only apply where the defendant fails to make any appearance whatsoever.
Jurisdiction over the person must be based upon service of process on the defendant. LSA-C.C.P. Art. 6. Citation and service thereof are essential in all civil actions except summary and executory proceedings. Without them all proceedings are absolutely null. LSA-C.C.P. Art. 1201. A default judgment may not be taken against a person who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31 (La.1979).
LSA-R.S. 13:3204 sets forth the mandatory manner in which service of process must be made under the long-arm statute. Section 3205 provides that no default judgment can be rendered against the defendant until thirty days after the filing in the record of an affidavit showing compliance with Section 3204. Just as personal jurisdiction over residents cannot be maintained without valid personal or domiciliary service required by law, personal jurisdiction over nonresidents is fully dependent upon strict compliance with the long-arm statute's procedural requirements. Clay v. Clay, supra.
A preliminary default judgment obtained without strict compliance with the procedural requirements of LSA-R.S. 13:3205 is an absolute nullity. White v. White, 398 So.2d 1257 (La.App. 4th Cir. 1981); Glessner v. Hyatt, 380 So.2d 222 (La.App. 3d Cir.1980); Bickford v. Luntz, 339 So.2d 1268 (La.App. 1st Cir.1976). A confirmation of default judgment obtained on the basis of an invalid preliminary default is also a nullity. See Glessner v. Hyatt, supra.
*950 The filing of a declinatory exception pleading insufficiency of citation, insufficiency of service of process and lack of jurisdiction, and the overruling thereof does not negate the requirement of service of process and the filing of an affidavit in proof thereof in accordance with the provisions of LSA-R.S. 13:3204 and 3205. Absent compliance with these provisions, no default judgment can be rendered.
In this case, the defendant having filed a declinatory exception of insufficiency of citation and service of process and of lack of jurisdiction, there being no general appearance by the defendant, and there being no affidavit filed in the record as required by LSA-R.S. 13:3205 showing compliance with the service of process requirements of LSA-R.S. 13:3204, the default judgment taken against the defendant Leventhal is an absolute nullity and must be set aside.
The default judgment entered against defendant Robert Leventhal is vacated and set aside, and the case is remanded to the trial court for further proceedings. All costs of this appeal are assessed to the plaintiff-appellee.
Judgment vacated and set aside and case remanded.