694 So.2d 553 (1997)
Glay H. COLLIER, et al., Plaintiff-Appellee,
v.
Richard G. FUGLER, Defendant-Appellant.
No. 29457-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
*554 Schober, Reynolds & Antee by Norman I. Lafargue, Shreveport, for Defendant-Appellant.
Rogers & Hearne by W. Lake Hearne, Shreveport, for Plaintiff-Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
PEATROSS, Judge.
In this action to collect on a non-sufficient fund check, the plaintiffs obtained a judgment by default against defendant, Richard Fugler ("Fugler"). Following the trial court's denial of his motion for a new trial, Fugler appealed. Finding defects with the default judgment, we vacate the judgment, reverse the denial of the motion for a new trial and remand to the trial court for further proceedings.

FACTS
On May 22, 1995, plaintiffs Glay Collier and his wife Susan Collier ("Plaintiffs") instituted this action against Fugler, alleging that they held a check, dated September 20, 1984, in the amount of $63,375. The check, made payable to Plaintiffs, was prepared and drawn by Fugler on Fugler's personal account with Premier Bank. Plaintiffs' petition further alleged that the funds in the account were insufficient to cover the check.
In June 1995, Plaintiffs attempted service on Fugler under Louisiana's long-arm statute (LSA-R.S. 13:3201 et seq.). The Plaintiffs allege that the petition was mailed to Fugler at his street address in Destin, Florida. An envelope filed in the record reflects that the postal service attempted delivery on June 3, 1995, and again on June 10, 1995. The envelope was returned to sender on June 18, 1995. The return receipt was not signed by Fugler or by anyone on his behalf. Plaintiffs also filed in the record an affidavit of service of process allegedly pursuant to the long-arm statute. A preliminary default judgment against Fugler was entered on August 30, 1995, and a default judgment was signed September 25, 1995.
A Notice of Judgment was mailed to Fugler at the same street address in Destin on September 26, 1995. Soon thereafter, Fugler filed a motion for a new trial, urging that service of process was invalid and that the affidavit of service was defective. After a hearing on Fugler's motion for a new trial, the trial court denied the motion.
Fugler appealed from the default judgment and the denial of the motion for new trial, contending that the default judgment is a nullity because the record does not reflect service and citation as required by LSA-R.S. 13:3204 ("Section 3204")[1] and, further, that the judgment was taken in violation of the procedure set forth in LSA-R.S. 13:3205 ("Section 3205").

DISCUSSION
Fugler argues that the trial judge erred in granting the default judgment and in denying a new trial because the Plaintiffs failed to show at the default judgment confirmation *555 proceeding adequate proof that Fugler had been served with the petition and the citation, as required by Section 3204, which sets forth the mandatory manner in which service of process must be made under the long-arm statute.[2] Fugler further argues that the default judgment is defective because the affidavit of service did not comply with Section 3205, which requires the filing in the record of an affidavit showing compliance with Section 3204. Finding the affidavit of service filed by Plaintiffs failed to comply with Section 3205, we pretermit discussion of the sufficiency of service of process.
Section 3204, which sets forth the mandatory manner in which service of process must be made under the long-arm statute, provides, in pertinent part:
Section 3204. Service of process
A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction. (emphasis added)
Section 3205 requires that no default judgment can be rendered against the defendant until an affidavit is filed showing compliance with Section 3204. Section 3205 provides, in pertinent part:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who ...
(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant.... (emphasis added)
As Comment (d) to Section 3205 indicates, if process is served through the mails, this section requires the affidavit of mailing to be executed by the individual who actually mailed the letter.
In this case, the affidavit of service states that the affiant did "prepare a letter to RICHARD G. FUGLER stating that enclosed was a copy of suit filed against defendant." There is, however, no evidence in the affidavit that a certified copy of the petition was ever sent to the defendant nor does the affidavit indicate that the citation, certified or uncertified, was sent to the defendant, as required by Section 3204. In addition, Section 3205 requires that, for a default judgment to be rendered against a defendant on whom service was effected by mail, the affidavit of service must be that of the "individual who ... mailed the process to the defendant." The affidavit filed in this case states only that "the letter was hand delivered to the United States Post Office," not that the affiant herself actually mailed anything to the defendant. The language of the affidavit does not meet the requirements of Section 3205, nor does it indicate sufficient compliance with Section 3204.
Just as personal jurisdiction over residents cannot be maintained without valid personal or domiciliary service required by law, personal jurisdiction over nonresidents is fully dependent upon strict compliance with the long-arm statute's procedural requirements. Clay v. Clay, 389 So.2d 31 (La.1979); Davis v. Tele-Total, Inc., 465 So.2d 948 (La.App. 2d Cir.1985).
A preliminary default judgment obtained without strict compliance with the procedural requirements of Section 3205 is an absolute nullity. Davis v. Tele-Total, Inc., supra.; Glessner v. Hyatt, 380 So.2d 222 (La.App. 3d Cir.1980); Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976). A confirmation of default judgment obtained on the basis of an invalid preliminary default is also a nullity. *556 Davis v. Tele-Total, Inc., supra.; Glessner v. Hyatt, supra.
In this case, the affidavit filed in the record as required by Section 3205 is insufficient to show compliance with the service of process requirements of Section 3204. The default judgment taken against Fugler is an absolute nullity and must be set aside.

CONCLUSION
The default judgment entered against Fugler is vacated and set aside. The judgment of the trial court is hereby reversed and the case is remanded to the trial court for further proceedings. All costs of the appeal are assessed against Plaintiffs.
JUDGMENT VACATED; DENIAL OF NEW TRIAL REVERSED AND REMANDED.
NOTES
[1] We note that this court has declined to consider the issue of sufficiency of service on a nonresident defendant when the issue is raised for the first time on appeal, stating that the issue should first be raised in the trial court in a suit to annul the judgment. See State Through Louisiana Div. Of Health and Human Resources v. Simmons, 542 So.2d 1150 (La.App. 2 Cir.1989); Decca v. Torres, 465 So.2d 910 (La.App. 2 Cir. 1985). In Decca v. Torres, this court stated that the "practical effect behind requiring that the defendant bring an action to annul the judgment is to permit the introduction of additional evidence as to the mode and execution of service of process." Decca, supra. In the instant case, the issue of sufficiency of service was raised and evidence introduced in the trial court at the hearing on the motion for a new trial. We therefore consider the issue of sufficiency of service as it is before us on appeal from the denial of the motion for a new trial. See Meshell v. Russell, 589 So.2d 86 (La.App. 2 Cir.1991).
[2] At the hearing on the motion for a new trial and on appeal, Fugler contends that he never received the certified mail. He maintains that by the time he saw the notice of an attempted delivery and presented the notice at the post office to claim the mail, the mail had already been returned to sender.