NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-949

THE BELLTECH GROUP, INC., ET AL.

VERSUS

CAPITAL ONE (USA), N.A., ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20122242
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

REVERSED AND REMANDED.

Christine Lipsey
McGlinchey, Stafford, PLLC
One American Place, 14th Fl
Baton Rouge, LA 70825
(225) 383-9000
COUNSEL FOR DEFENDANT/APPELLANT:
    Capital One (USA), N.A.

**Chaz H. Roberts**
**Attorney at Law**
**112 Oil Center Dr., Suite M**
**Lafayette, LA 70503**
**(337) 504-3202**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
**The Belltech Group, Inc., Developers, Construction**
**Managers,Constructors**

**PICKETT, Judge.**

The instant appeal by Appellant, Capital One Bank (USA), N.A., arises from a default judgment issued in favor of Appellee, The Belltech Group, Inc., Developers, Construction Managers, Constructors.

In the underlying matter, Appellee filed suit against Appellant, a bank headquartered in the State of Virginia, on April 18, 2012, via the Louisiana Long-Arm Statute. Nearly one month later, on June 14, 2012, Appellee filed a Motion for Preliminary Default against Appellant. The trial court entered the preliminary default on June 15, 2012. Thereafter, on June 20, 2012, Appellee filed a motion to confirm the preliminary default. Attached to this motion was an affidavit of long-arm service, which was executed on June 18, 2012. On June 22, 2012, the trial court confirmed the default judgment against Appellant and awarded Appellee $14,860.57 in damages, as well as judicial interest and costs.

Appellant timely appealed the June 22, 2012, judgment and submitted a brief in which Appellant argued that procedural defects rendered the default judgment absolutely null. Shortly thereafter, Appellant and Appellee ("Movants") filed a joint motion requesting that the relief requested by Appellant in its appeal be granted and that the June 22, 2012, default judgment be reversed. We now address the merits of this joint motion.

Movants jointly contend that the trial court erred by entering and confirming the default judgment against Appellant, where Appellee failed to comply with the provisions of La.R.S. 13:3205. Louisiana Revised Statute 13:3205 prohibits the rendering of a default judgment until an affidavit is filed showing compliance with the service requirements set forth in La.R.S. 13:3204. In pertinent part, La.R.S. 13:3205 provides that "[n]o default judgment can be rendered against the defendant . . . until thirty days after the filing in the record of the affidavit of the individual who . . . [m]ailed the process to the defendant."

Here, the trial court entered the preliminary default against Appellant on June 15, 2012. Appellee, however, did not file the affidavit evidencing its compliance with the requirements for long-arm service until June 20, 2012. Further, we note that the preliminary default was confirmed on June 22, 2012, only two days after the affidavit of long-arm service was filed into the record. Because Appellee failed to meet the procedural requirements for preliminary default, we find that the June 22, 2012, default judgment was granted in error.

Louisiana Code of Civil Procedure article 2002 provides that "[a] final judgment shall be annulled if it is rendered . . . [a]gainst a defendant . . . against whom a valid judgment by default has not been taken." In accordance with La.Code Civ.P. art. 2002, Louisiana courts have repeatedly held that "[a] preliminary default judgment obtained without strict compliance with the procedural requirements of Section 3205 is an absolute nullity." *Collier v. Fugler*, 29,457 (La.App. 2d Cir. 5/7/97), 694 So.2d 553, 555, *citing Davis v. Tele-Total, Inc.*, 465 So.2d 948 (La.App. 2d Cir. 1985), *Glessner v. Hyatt,* 380 So.2d 222 (La.App. 3d Cir.1980), and *Bickford v. Lutz*, 339 So.2d 1268 (La.App. 1st Cir.1976). The courts have also held that "[a] confirmation of default judgment obtained on the basis of an invalid preliminary default is also a nullity." *Id.* at 555, *citing Davis v. Tele-Total, Inc., supra*, and *Glessner v. Hyatt, supra*.

Because the trial court entered the preliminary default judgment against Appellant despite Appellee's failure to submit an affidavit confirming its compliance with the long-arm service requirements, we find that, pursuant to La.Code Civ.P. art. 2002 and the above-cited jurisprudence, the June 22, 2012, default judgment is absolutely null. Thus, based on the foregoing, we hereby reverse the trial court's ruling, confirming Appellee's default judgment against Appellant, and remand this matter to the district court for further proceedings.

**REVERSED AND REMANDED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.