ROBERT M. MURPHY, Judge.
Lin this action to enforce a right of first refusal, plaintiff/appellee, St. Rose Farms, Inc., obtained a judgment by default against defendant/appellant, Earl A. Folse. Finding facial defects with the default judgment; we vacate the judgment and remand the matter to the trial court for further proceedings.
*106 FACTS AND PROCEDURAL HISTORY
On December 22, 2000, Earl A. Folse executed an Act of Sale of Property, selling 86 acres of land in St. James Parish to St. Rose Farms, Inc. (“SRF”). The Sale was recorded on January 4, 2001. The Act of Sale contained a provision in Paragraph Two, under the subheading “Declarations and Reservations:”
Vendor reserves unto himself the bat-ture portion of the Tracts I and V, lying between La. Hwy. 44 and the Mississippi River, which batture is not included in the property conveyed, and which bat-ture remains owned by Vendor. In the event Vendor hereafter receives a written offer to purchase said batture, Vend-ee shall be notified of the same and shall have thirty days to elect to match said offer and purchase said batture.
|30n October 5, 2005, Earl Folse transferred the batture property to his son, Eldred J. Folse, with consideration stated as $1,000.00. Earl Folse did not notify SRF of the sale of the batture, nor did he provide SRF with the opportunity to purchase the property at the stated price. The latter Act of Sale was recorded on October 12, 2005. Since that date, plaintiff alleges that Eldred Folse has possessed the property and paid the applicable taxes.
On August 9, 2013, SRF filed a Petition to Enforce Right of First Refusal contending that the 2000 Act of Sale required Earl Folse to notify SRF of his intention to sell the batture property and provide SRF the opportunity to purchase the property. SRF contended that Earl Folse’s failure to do so constituted grounds to rescind the October 2005 sale from Earl Folse to El-dred Folse and to permit SRF to purchase the batture property for $1,000.00.
On August 13, 2013, SRF attempted service on Earl Folse through Louisiana’s long-arm statute, La. R.S. 13:3201, et seq. The affidavit of service, executed by Wanda P. Acosta, was filed on September 9, 2013. She testified that she “prepared and mailed a letter, which included a certified copy of the Petition to Enforce Right of First Refusal.” Her affidavit further indicated that she mailed the “letter and attachments to the defendant, Mr. Earl J. Folse, 5637 Clay Ridge Rose [sic], North Las Vegas, NV 89031 by certified mail, return receipt requested, properly addressed with sufficient postage prepaid (as reflected by the receipt of the United States Post Office).” She further stated that the letter and certified copies of the documents were returned with the notation “refused.” In fact, the envelope in the record in addition to “refused,” bears notations of “attempted,” “not known,” “unable to forward,” and “return to sender.” A preliminary default was entered on December 5, 2013 on motion of SRF which alleged that Earl Folse was properly served pursuant to the long-arm provisions.
|4On April 7, 2014, the trial court took up confirmation of the default: it heard the testimony of Mark Hymel and Louis Hy-mel, President and Secretary of SRF, respectively, as to the 2000 and 2005 Acts of Sale, both entered into evidence. That same date, the trial court confirmed the default in favor of SRF and against Earl Folse, ordering that the subsequent sale between Earl Folse and Eldred Folse be rescinded and declared null and void, that the property be transferred from Earl Folse to SRF for the sum of $1,000.00, that the Clerk of Court make a marginal entry on the Instrument to reflect the Orders of the court, and that Earl Folse be cast to pay all costs.
On May 1, 2014, Earl Folse filed a motion for suspensive appeal, which was granted on May 8, 2014, on posting of $1,000.00 in security. In his appellate brief, Earl Folse asserted peremptory ex *107 ceptions for the first time and made seven assignments of error.
PEREMPTORY EXCEPTIONS
No cause of action;
Prescription and/or preemption; and
Failure to join an indispensable party.
ASSIGNMENTS OF ERROR
Earl Folse asserted the following assignments of error in the event this Court overrules his peremptory exceptions, above:
1. The trial court erred in finding that plaintiff was entitled to a preliminary default as citation and/or service was insufficient;
2. The trial court erred in findings of fact and finding the law and evidence in favor of plaintiff in finding that plaintiff made a prima facie case;
3. The trial court erred in rescinding the sale from Earl A. Folse to El-dred Folse;
4. The trial court erred in ordering the property to be sold to plaintiff for $1,000.00;
[5. The trial court erred in ordering the Clerk of Court to make entry in the Act of Sale from Earl A. Folse to Eldred Folse;
6. The trial court erred in assessing costs to defendant; and
7. The transfer by Earl A. Folse to Eldred Folse did not violate the terms of the previous sale to plaintiff.
REVIEW ON APPEAL
The parties do not dispute that the matter is properly before this Court. La. C.C.P. art. 2083(A) expressly provides that default judgments are appealable.[1] A judgment that is rendered when there is a vice of form, such as invalid service of process, is an absolute nullity. G.R. Constr. & Renovation, LLC v. White, 14-62 (La.App. 5 Cir. 5/21/14), 142 So.3d 207. Confirmation of a default judgment obtained on'the basis of an invalid preliminary default is an absolute nullity. Collier v. Fugler, 29,457 (La.App. 2 Cir. 5/7/97), 694 So.2d 553.
The usual procedure to annul a judgment is to bring a direct action in the trial court. La. C.C.P. art. 2006. Fouchi v. Fouchi 442 So.2d 506, 508 (La.App. 5 Cir.1983), writ denied, 445 So.2d 1235 (La.1984). However, the jurisprudence recognizes that where the (default) judgment at issue is an absolute nullity, as discussed, infra, it may be attacked in direct or collateral proceedings at any time and before any court. Id.; Lexington Ins. Co. v. Tasch, Inc., 12-339, p. 10 (La.App. 5 Cir. 11/27/12), 105 So.3d 950, 956.
A default can be reversed as a nullity on direct appeal where the ground for the nullity is apparent on the face of the record. G.R. Constr., supra.; State, Dep’t of Soc. Services, ex. rel T.M.A. v. Pickins, 42,721 (La.App. 2 Cir. 12/5/07), 972 So.2d 1225. Jurisprudence also recognizes that peremptory grounds for nullity of a judgment listed in La. C.C.P. art. 2002, i.e., “lack of service of process as required |fiby law” may be asserted through appeal. See Pollock v. Talco Midstream Assets, Ltd., 44,629 (La.App. 2 Cir. 9/23/09), 22 So.3d 1033, writ denied, 11-1295 (La.9/23/11), 69 So.3d 1166 (permit *108 ting annulment through motion for new trial or on appeal in same action).
LAW AND DISCUSSION
In appellant’s first assignment of error, he contends that the trial court erred in finding that plaintiff was entitled to a preliminary default as citation and/or service were insufficient. Appellant argues that the trial judge erred in granting the default judgment because plaintiff failed to show at the default judgment confirmation proceeding that Earl Folse had been served with the petition and citation in Nevada, as required by Louisiana’s long-arm statute, La. R.S. 13:3201, et seq.
Personal jurisdiction over non-residents is fully dependent upon strict compliance with the long-arm statute’s procedural requirements. Clay v. Clay, 389 So.2d 31 (La.1979) (holding that a default judgment may not be taken against a person who has not received citation and service).
Service of process under Section 3204 requires:
A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process or any of its courts of general, limited, or small claims jurisdiction. (Emphasis added).
Section 3205 requires that no default judgment can be rendered against a defendant until an affidavit is filed showing compliance with Section 3204:
No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who ... (a) mailed the process to the' defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which 17shall be attached the return receipt of the defendant.... (Emphasis added).
In this case, the affidavit of service states that the affiant “prepared and mailed a letter, which included a certified copy of the Petition to Enforce Right of First Refusal.” Despite appellee’s assertion that the affidavit indicated that Ms. Acosta sent the citation, there is no evidence, however, in the affidavit or elsewhere that indicates the citation, certified or uncertified, was sent to the defendant as required by Section 3204. Ms. Acosta’s affidavit and letter mention only that the letter and certified copy of the petition were mailed. We find the affidavit defective on its face. See Collier, supra, (insufficient affidavit of service made default an absolute nullity).
The affidavit filed in the record is also insufficient to demonstrate compliance .with Section 3205’s requirement of using defendant’s proper address on the envelope. The mailing at issue was addressed to “Earl A. Folse at 5637 Clay Ridge Rose in North Las Vegas, NV 89031” and not “Clay Ridge RD”, the latter being the address noted on the transfer from Earl Folse to Eldred Folse. We further note that SRF has included the certified mail receipt of payment of postage and not the “return receipt” as required by Section 3204.
*109 We find that the affidavit, lacking proper address, return receipt, and mention of citation, has facially failed the strict statutory requirements of long-arm service.[2] We find that the instant confirmation of a default judgment against Earl Folse is without strict compliance with the procedural requirements of taking a default under the long-arm statute and is thus an absolute nullity. See Davis v. Tele-Total, Inc., 465 So.2d 948 (La.App. 2 Cir.1985).
IsWe invalidate the default judgment on appeal as an absolute nullity and thus pre-termit the issues of sufficiency of the petition, whether the matter has prescribed and whether all necessary parties have been joined. Lacking personal jurisdiction over the non-resident defendant Earl Folse via Louisiana’s long-arm statute, we do not reach the peremptory exceptions or appellant’s other assignments of error.
CONCLUSION
Accordingly, the default judgment entered against Earl Folse is vacated and set aside. The judgment of the trial court is hereby reversed, and the case is remanded to the trial court for further proceedings.

JUDGMENT VACATED AND REMANDED

. La. C.C.P. art. 2083(A) provides: "A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.” (Emphasis added).

. We are ruling only on the absolute nullity of the default judgment (lack of compliance with La. R.S. 13:3205) and not on the sufficiency of service due to the fact that the trial court did not conduct a hearing to ascertain facts as to whether defendant was actually served. We conclude that the judgment challenged on appeal is invalid because plaintiff filed to comply with La. R.S. 13:3205. See Corte v. Cash Technologies, Inc., 02-846, p. 7 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162, 1166.