TIMOTHY D. KOEHL

VERSUS

RLI INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY,
PACKARD TRUCK LINES, L.L.C., AND
ROBERT T. SALASSI

NO. 23-CA-585

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 758-658, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

October 30, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Timothy S. Marcel

**APPEAL DISMISSED**

 **FHW**
 **SJW**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
TIMOTHY D. KOEHL
    Darla L. D'Amico
    Michael J. Almerico

COUNSEL FOR DEFENDANT/APPELLEE,
RLI INSURANCE COMPANY
    Matthew D. Moghis
    William Peter Connick
    Michael S. Futrell

COUNSEL FOR DEFENDANT/APPELLEE,
AXIS SURPLUS INSURANCE COMPANY
    Rachel D. Chance

**WICKER, J.**

Plaintiff, Timothy Koehl, seeks appellate review of the trial court's August 10, 2023 judgment, denying his "Motion to Annul, Set Aside, and Vacate Judgment." For the following reasons, we dismiss this appeal.

This case arises from a motor vehicle accident that occurred on March 14, 2015, in Metairie, Louisiana, involving a vehicle driven by Mr. Koehl and a vehicle driven by defendant, Robert Salassi. Mr. Koehl filed this lawsuit against Mr. Salassi, Packard Truck Lines, L.L.C. ("Packard"), and Packard's commercial liability insurers, RLI Insurance Company ("RLI") and Axis Surplus Insurance Company ("Axis").[1]

RLI, Axis, and Packard filed motions for summary judgment pertaining to insurance coverage, waiver of affirmative defenses, and vicarious liability, and these motions were denied by the trial court on January 8, 2021. Packard filed a writ application and, on May 12, 2021, this Court granted summary judgment in Packard's favor, dismissing Mr. Koehl's claims against it. *See Koehl v. RLI Ins. Co.*, 21-68 (La. App. 5 Cir. 5/12/21), 325 So.3d 1110, 1115.[2]

On February 14, 2022, RLI re-urged its two motions for summary judgment, on waiver and coverage, and also filed an exception of no right of action. Axis filed a renewed motion for summary judgment on February 22, 2022. On April 19, 2022, the trial court rendered judgment in favor of RLI and Axis, granting their motions and RLI's exception and dismissing Mr. Koehl's claims against them with prejudice.[3]

---

[1] Mr. Salassi was one of three members/owners of Packard until his November 2015 death. Mr. Salassi's succession was substituted as a defendant in Mr. Koehl's first supplemental and amending petition.

[2] RLI and Axis also sought review of the denial of their motions for summary judgment. On March 29, 2021, this Court denied the insurers' writ applications. *See Koehl v. RLI Ins. Co.*, 21-C-69 C/W 21-C-70 and 21-C-74 (La. App. 5 Cir. 3/29/21) (unpublished writ disposition).

[3] The judgment was amended on October 18, 2022, to include the proper decretal language for a valid, final judgment per La. C.C.P. arts. 1918 and 1951.

23-CA-585                                          1

Mr. Koehl appealed the April 19, 2022 judgment. *Koehl v. RLI Ins. Co.*, 22-370 (La. App. 5 Cir. 5/24/23), 367 So.3d 122. On appeal, this Court affirmed the summary judgment granted in favor of Axis. *Id.* at 130-132. However, as to the two summary judgments granted in favor of RLI, this Court reversed, finding "genuine issues of material fact as to whether RLI waived its affirmative defenses as to coverage in this case," and remanded the matter to the trial court for further proceedings. *Koehl*, 367 So.3d at 130. This Court also reversed the judgment granting RLI's exception of no right of action. *Id.* at 132. The Louisiana Supreme Court denied writs. *Koehl v. RLI Ins. Co.*, 23-1057 (La. 12/5/23), 373 So.3d 980; and *Koehl v. RLI Ins. Co.*, 23-1052 (La. 12/5/23), 373 So.3d 981.

On April 18, 2023, before this Court's opinion affirming Axis' summary judgment and reversing RLI's summary judgments was issued, Mr. Koehl filed in the trial court a "Motion to Annul, Motion to Set Aside, and Motion to Vacate Judgment" ("motion to annul"). In his motion to annul, Mr. Koehl cited La. C.C.P. art. 2002, *et seq.*, and argued that the April 19, 2022 judgment, which was pending on appeal at that time, is an absolute nullity for failure to properly serve Mr. Salassi's succession with the motions for summary judgment, exception of no right of action, and the hearing date.

A hearing on the motion to annul was held on July 13, 2023. On August 10, 2023, the trial court rendered a judgment denying Mr. Koehl's motion to annul. In its reasons for judgment, the trial court indicated it construed Mr. Koehl's pleading as a motion for new trial and denied it as untimely.

Mr. Koehl filed this appeal and a writ application, seeking review of the August 10, 2023 judgment denying his motion to annul in each. RLI filed a motion to dismiss this appeal, arguing the judgment is interlocutory and thus, it is reviewed only under this Court's supervisory jurisdiction. On initial review, this Court denied the motion to dismiss appeal on February 29, 2024. However, on

further review, we find the judgment is interlocutory and may not be addressed under our appellate jurisdiction.

In his motion to annul, Mr. Koehl argued the judgment is absolutely null for lack of proper service on Mr. Salassi's succession. An absolutely null judgment may be challenged by filing a direct action to nullify the judgment, or it may be collaterally attacked by procedural means short of a petition for nullity, such as a contradictory motion. *Zavala v. Dover Constr. USA, L.L.C.*, 17-1 (La. App. 1 Cir. 4/11/18), 249 So.3d 24, 29; *Lexington Ins. Co. v. Tasch, Inc.,* 12-339 (La. App. 5 Cir. 11/27/12), 105 So.3d 950, 956; *Folse v. St. Rose Farms, Inc.*, 14-436 (La. App. 5 Cir. 11/25/14), 165 So.3d 104, 107. A motion for new trial is an acceptable procedural vehicle for asserting the nullity of a judgment. *Harriss v. Archives Grill, LLC*, 51,298 (La. App. 2 Cir. 4/5/17), 217 So.3d 1203, 1210, n. 8; *Dougherty v. Dougherty*, 21-433 (La. App. 1 Cir. 3/29/22), 341 So.3d 669, 677.

In the present case, Mr. Koehl did not file a direct action to nullify the judgment; rather, he filed a motion to annul the April 19, 2022 judgment. The trial court construed Mr. Koehl's motion to annul as a motion for new trial and denied the motion on August 10, 2023. The denial of a motion for new trial is an interlocutory judgment which is not appealable and may only be reviewed under the appellate court's supervisory jurisdiction. *State, Division of Administration, Office of Community Development-Disaster Recovery Unit v. Gordon*, 23-348 (La. App. 5 Cir. 3/27/24), 384 So.3d 1141, 1145; *Truitt v. Graco, Inc.*, 19-121 (La. App. 5 Cir. 11/20/19), 284 So.3d 674, 677; *9029 Jefferson Highway, L.L.C. v. S&D Roofing, L.L.C.*, 15-686 (La. App. 5 Cir. 2/24/16), 187 So.3d 522, 524; *Duckering v. Rapides Healthcare System*, 15-1049 (La. App. 3 Cir. 3/2/16), 187 So.3d 548, 550. Therefore, the August 10, 2023 judgment is not appealable and is reviewable only under this Court's supervisory jurisdiction.

In Mr. Koehl's writ application, case number 23-C-563, we have reviewed the denial of Mr. Koehl's motion to annul under our supervisory jurisdiction. In our disposition, which is being handed down simultaneously with this opinion, we denied the writ application, finding that a nullity action in this case is precluded under La. C.C.P. art. 2005 and that Mr. Koehl waived any right to object to improper service by failing to timely raise the issue.

Accordingly, finding this Court lacks appellate jurisdiction and having already addressed the judgment at issue via our supervisory review, we dismiss this appeal.

**<u>APPEAL DISMISSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 30, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

# 23-CA-585

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARLA L. D'AMICO (APPELLANT)       MATTHEW D. MOGHIS (APPELLEE)       MICHAEL S. FUTRELL (APPELLEE)
WILLIAM PETER CONNICK (APPELLEE)

**MAILED**
SARAH R. SMITH (APPELLEE)
ATTORNEY AT LAW
24 GREENWAY PLAZA
SUITE 1400
HOUSTON, TX 77046

TUCKER H. WIMBERLY (APPELLEE)
ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 408
METAIRIE, LA 70002

RACHEL D. CHANCE (APPELLEE)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 1300
NEW ORLEANS, LA 70130

MICHAEL J. ALMERICO (APPELLANT)
ATTORNEY AT LAW
501 CLEARVIEW PARKWAY
METAIRIE, LA 70001