STEPHEN J. WINDHORST, Judge.
12Defendant, Stephanie Landry, appeals from a ruling of the trial court denying her Motion to Set .Aside Judgment and for New Trial. For the reasons that follow, we reverse the decision of the trial court.
On April 21, 2011, Jack Collier d/b/a Collier Construction (“Collier”), filed suit against Ms. Landry alleging that he had performed work on her house in the aftermath of Hurricane Katrina and that she had failed or refused to make payment. At this time, Ms. Landry was a resident of Texas and service was made pursuant to Louisiana’s long-arm statute, La. R.S. 13:3201, et seq. After Ms. Landry failed to file an answer to the suit, on December 13, 2011 the trial court rendered a default judgment in favor of Collier for $6,700.00 plus legal interest and costs.
On December 21, 2011, Ms. Landry filed a Motion to Set Aside Judgment and for New Trial, alleging that the judgment was contrary to the law and evidence and that she had not been served with the petition instituting this suit. After the denial of her motion, Ms. Landry filed this appeal, alleging that there was no proof |3of service in the record and that Collier failed to *33 present a prima facie ease to support the default judgment.
DISCUSSION
A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken. La. C.C.P. art. 2002; Donnelly v. Quatroy, 03-1145 (La.App. 5 Cir. 1/27/04), 866 So.2d 917, 920. A default judgment may not be taken against a person who has not received citation and service thereof. Clay v. Clay, 389 So.2d 31 (La.1979); Louisiana Workers’ Comp. Corp. v. Pro Source Roofing, Inc., 04-1118 (La.App. 1 Cir. 3/24/05), 907 So.2d 113, 115.
Because Ms. Landry was a resident of Texas at the filing of this suit, Collier effected service under Louisiana’s non-resident or “long-arm” statute, La. R.S. 13:3201, et seq. Pursuant to La. R.S. 13:3204, non-resident service requires that a certified copy of the citation be sent by counsel for the plaintiff to the defendant by registered or certified mail. La. R.S. 13:3205 provides that no default judgment can be rendered against a defendant until thirty days after the filing in the record of an affidavit showing compliance with R.S. 13:3204. Corte v. Cash Technologies, Inc., 02-0846 (La.App. 1 Cir. 4/2/03), 843 So.2d 1162, 1165.
All that is necessary to constitute long-arm service upon a non-resident is for counsel to send a certified copy of the citation and petition to the defendant by registered or certified mail. McFarland v. Dippel, 99-0584 (La.App. 1 Cir. 3/31/00), 756 So.2d 618, 622. A litigant may not defeat service by merely refusing to accept a letter containing a citation. Id.
According to the testimony at the confirmation of the default judgment hearing, service was attempted twice, first by mailing to Ms. Landry’s home |4address and second by mailing to her work address. However, while Collier’s attorney stated at the hearing that the letter of service mailed to Ms. Landry’s home was returned “unclaimed,” he failed to file an affidavit attesting to the same thirty days before the rendition of the judgment. In addition, he failed to present evidence that he sent a copy of the citation to Ms. Landry’s home at the hearing resulting in the default judgment. Collier introduced this evidence for the first time at the hearing on Ms. Landry’s motion to set aside the default judgment.
The proof of service presented at the default hearing by Collier consisted of an affidavit stating that the petition was sent by certified mail to Ms. Landry’s place of employment and that the certified mail receipt was marked “refused.” However, a valid long-arm service of process cannot be effected on a defendant by sending a certified copy of the citation and petition to defendant’s place of employment by certified mail. Drago v. Drago, 477 So.2d 786, 788 (La.App. 5 Cir. 10/10/85).
At the time of the default hearing, Collier did not provide proof of service sufficient to support the default judgment pursuant to La. R.S. 13:3204 and 13:3205. Collier cannot offer the evidence to support the default judgment for the first time at a hearing to set aside that judgment. Accordingly, Ms. Landry’s motion to set aside the default judgment was well-founded. We find that the trial court erred in failing to grant Ms. Landry’s motion to set aside the judgment of default.
Because we find that the default judgment should be annulled for failure to prove valid service of process, we do not reach Ms. Landry’s allegation that the evi *34 dence introduced at the default hearing failed to support a prima facie case.
^CONCLUSION
For the above discussed reasons, the decision of the trial court denying defendant’s motion to set aside the judgment of default rendered on December 13, 2011 is reversed and the matter is remanded for further proceedings.
REVERSED