HANS J. LILJEBERG, Judge.
|2Pefendants appeal a default judgment rendered against them, and the award of attorney fees in connection therewith. For the following reasons, we affirm the default judgment awarding $51,025.84 to plaintiff, and we reverse the award of attorney fees.

FACTS AND PROCEDURAL HISTORY

Defendants, Alice and Edwin Keith White, are the owners of the property located at 183 Riverlands Drive in Laplace, Louisiana. In August of 2012, the Whites’ house was heavily damaged in Hurricane Isaac. Thereafter, Mr. and Mrs. White entered into a contract with plaintiff, G R Construction & Renovation, L.L.C. (“G R Construction”) for certain repair work to be performed for a total contract price of $153,077.52.
According to G R Construction, it performed the repair work provided for in the contract and was paid $102,051.68, but Mr. and Mrs. White failed to pay the remaining $51,025.84 due under the contract. On May 2, 2013, G R Construction filed a Statement of Privilege for the unpaid balance of $51,025.84 in the mortgage |srecords of St. John the Baptist Parish. The record shows that G R Construction also sent a letter to the Whites by certified mail notifying them that the Statement of Privilege had been filed and advising them that failure to pay the balance due would result in G R Construction filing suit against them. The return receipt shows that the letter was received and signed for by Alice White.
On June 25, 2013, G R Construction filed a “Suit to Enforce Lien” against Alice and Edwin Keith White, seeking the remaining balance of $51,025.84, plus interest, costs, and attorney fees. On July 17, 2013, G R Construction filed a Motion for Preliminary Default, asserting that Mr. and Mrs. White were served via personal service on June 27, 2013, and they did not file an answer or other responsive pleadings. The trial judge ordered entry of the preliminary default on July 18, 2013.
On August 1, 2013, the trial judge confirmed the default judgment. In connection with the confirmation, G R Construction introduced evidence in support of its claim, including the contract between the parties, the Statement of Privilege, two letters to the Whites from counsel for G R Construction, and the testimony of a representative of G R Construction, Jo Ann Robinson. The trial judge confirmed the preliminary default and rendered judgment in favor of G R Construction and against Alice and Edwin Keith White for $51,025.84, as well as legal interest, costs, and attorney fees in the amount of $5,000.00. The Whites appeal the default judgment rendered against them.

LAW AND DISCUSSION

On appeal, Alice and Edwin Keith White do not challenge the evidence in support of the default judgment. Instead, the Whites contend that the judgment against them is *209 an absolute nullity because they were never served with the petition. They assert that Mr. White could not have been served at the address | ¿where service was requested, because he was not living in the family home when the lawsuit was filed or thereafter. They further argue that the judgment is null and must be set aside because the appellate record does not indicate service on either Alice or Edwin Keith White.
G R Construction responds that the trial court record does, in fact, contain service returns showing personal service on Edwin Keith White and domiciliary service on Alice White, both on June 27, 2013. They further assert that the service returns were omitted from the appellate record in accordance with Rule 2-1.11 of the Uniform Rules of the Courts of Appeal, and that the Whites should have requested that the service returns be included in the appellate record when they decided to argue insufficiency of service.
On April 17, 2014, this Court ordered that the Clerk of Court for the 40th Judicial District Court supplement the appellate record with copies of all of the service returns in the trial court record. On April 28, 2014, this Court received copies of the service returns as requested. As asserted by G R Construction in its appellee brief, the sheriffs service returns reflect that Edwin Keith White was personally served on June 27, 2013, and Alice White was served with domiciliary service on June 27, 2013, at 183 Riverlands Drive in Laplace, Louisiana.[1]
Citation and service thereof are essential in all civil actions, except summary and executory proceedings, divorce actions under La. C.C. art. 102, and proceedings under the Children’s Code. La. C.C.P. art. 1201(A); Punctual Abstract Co., Inc. v. U.S. Land Title, 09-91, p. 5 (La.App. 5 Cir. 11/10/09), 28 So.3d 459, 462. A default judgment may not be taken against a person who has not received citation and service thereof. Collier v. Landry, 12-718, p. 3 (La.App. |s5 Cir. 4/10/13), 115 So.3d 31, 33. A judgment that is rendered when there is a vice of form, such as invalid service of process, is an absolute nullity. Barnett Marine, Inc. v. Van Den Adel, 96-1029, p. 7 (La.App. 5 Cir. 4/9/97), 694 So.2d 453, 456-457, writ denied, 97-1236 (La.9/26/97), 701 So.2d 983.
The usual procedure to annul a judgment is to bring a direct action in the trial court. La. C.C.P. art.2006; Fouchi v. Fouchi, 442 So.2d 506, 508 (La.App. 5 Cir. 11/9/83), writ denied, 445 So.2d 1235 (La.2/27/84). However, the jurisprudence has held that where the judgment at issue is an absolute nullity, it may be attacked in direct or collateral proceedings at any time and before any court. Id.; Lexington Insurance Co. v. Tasch, Inc., 12-339 at 10, (La.App. 5 Cir. 11/27/12), 105 So.3d 950, 956. In order for an appellate court to consider the merits of a collateral attack based on a vice of form, the defect raised must be apparent on the face of the record. See Fouchi, supra at 508-509.
In the present case, the service returns in the record reflect that Alice and Edwin Keith White received service of citation on June 27, 2013. Once a completed sheriffs service return is received by the clerk of court who issued it, the return *210 shall be considered prima facie correct. La. C.C.P. art. 1292. Although the recitation on the return of the citation is presumed to be correct, this presumption is rebuttable. Tunnard v. Simply Southern Homes, L.L.C., 07-945, p. 3 (La.App. 1 Cir. 3/26/08), 985 So.2d 166, 169. The party attacking it bears the burden of proving its incorrectness by a preponderance of the evidence. Id.; Hall v. Folger Coffee Co., 03-1734 (La.4/14/04), 874 So.2d 90, 97.
Service was not challenged by the Whites until this appeal, so the record contains no evidence to rebut the presumption of correctness of the service return. Because the record before us contains pri-ma facie evidence that the Whites were properly served and there is no evidence of any defect in service that is apparent in 1 fithe record, we affirm the default judgment awarding $51,025.84, plus interest, to G R Construction.[2]
Also on appeal, Alice and Edwin Keith White contend that the trial court award of $5,000.00 in attorney fees to G R Construction was improper, because there is no applicable statutory authority for awarding attorney fees in this case, and the contract between the parties does not provide for an award of attorney fees.
In response, G R Construction concedes that the assessment of attorney fees in this case was improper, and it acknowledges that the judgment should be amended as such.
Accordingly, based on the admission of plaintiff that attorney fees were improperly awarded in this matter, we reverse the trial court’s award of $5,000.00 in attorney fees to G R Construction.

DECREE

For the foregoing reasons, we affirm the default judgment awarding $51,025.84 to plaintiff, G R Construction, but we reverse the award of $5,000.00 in attorney fees.

AFFIRMED IN PART; REVERSED IN PART.

. On May 12, 2014, Alice and Edwin Keith White filed a supplemental appellant brief, in which they assert that the "Keith White" who was allegedly served with process in this case was not one of defendants herein. Rather, they now claim that the person served was actually the son of defendants who is also named "Keith White.” There is no evidence in the record to support this assertion.

. Because the Whites’ ground for nullity does not appear in the record, the proper forum for the Whites to attack the validity of the default judgment is the trial court, where evidence of the alleged nullity can be presented. See Fouchi v. Fouchi, supra at 508-509. See also La. C.C.P. arts.2005 and 2006, which allow an action for nullity to be filed in the trial court even after the judgment has been affirmed on appeal, where the ground for nullity did not appear in the record for appeal.