STEPHEN J. WINDHORST, Judge.
| ^Plaintiff, Jefferson Community Health Care Center,, Inc. (JCHCC) filed suit *587 against defendant, Clarence Roby, contending that it had entered into a contract for legal, representation by defendant and that Mr. Roby had oyerbiljed plaintiff, resulting in payment of unearned legal fees of $146,635.00.[1] JCHCC sought return of the amounts it had. overpaid to defendant.
Defendant did not file an answer, and JCHCC filed a motion for preliminary default. After a hearing on plaintiffs motion to confirm the default judgment, the trial courtrendered judgment in favor of JCHCC..
Thereafter, Mr. Roby filed a motion to vacate default judgment and for-new-trial, which were.denied by the trial.court. This appeal followed-
lain this appeal, Mr. Roby argues that the trial court erred in failing to. grant his motion to annul the default judgment. Mr. Roby contends that the judgment is null for failure .of service of process; He further contends that the evidence in the record does not present a prima, fade case to support the judgment.
Citation and service thereof are essential in all civil actions, - except summary and executory proceedings, divorce actions under La. C.C. art. 102, and proceedings under the Children’s Code. La. C.C.P. art. 1201(A); Punctual Abstract Co., Inc. v. U.S. Land Title, 09-91 (La.App. 5 Cir. 11/10/09), 28 So.3d 459, 462. A default judgment may not be taken against a person who has not received citation and service thereof. Collier v. Landry, 12-718 (La.App. 5 Cir. 4/10/13), 115 So.3d 31, 33.
A judgment’ that is rendered when there is a vice of form, such as invalid service of process, is an absolute nullity. Barnett Marine, Inc. v. Van Den Adel, 96-1029 (La.App. 5 Cir. 4/9/97), 694 So.2d 453, 456-457, writ denied. 97-1236 (La.9/26/97), 701 So.2d 983. An action to annul a judgment on the basis of a vice of form may be brought at any time.
The usual procedure to annul a judgment is to bring a direct action in the trial court. La. C.C.P.' art.2006; GR Constr. & Renovation, LLC v. White, 14-62 (La.App. 5 Cir. 05/21/14), 142 So.3d 207, 209. However, where the judgment at issue is an absolute nullity, it may be attacked in direct or collateral proceedings at any time and before any court. Id. In order for an appellate court to consider the merits of a collateral attack based on a vice of form, the defect raised must be apparent on the face of the record. Id.
In his motion to vacate the default judgment, Mr. Roby contended that he was never served with the preliminary default or with the settihg of the preliminary default for a confirmation hearing. In this appeal, ' Mr. ' Roby • argues that the | ¿judgment is an absolute nullity because he was not properly served with the petition and citation.
Service of citation or other process may be either personal or domiciliary. La. C.C.P. art. 1231. Personal service is made when a proper officer téndérs the citation or other process to the person to be served. La. C.C.P. art. 1232. ’ Domiciliary service is made when a proper officer leaves the citation or’ other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and - discretion-residing in the domiciliary establishment! La. C.C.P. art. 1234.
Domicile is a persqn’s principal domestic establishment, as contrasted to a *588 business establishment. In other words, a person’s domicile is his principal establishment wherein he makes his habitual residence and essentially consists of two elements, namely residence and intent to remain in place. Herpin v. Boudreaux, 98-306 (La.App. 3 Cir. 03/05/98), 709 So.2d 269, 271.
In this case, service was made at Mr. Roby’s office and accepted by a person known only as “Greta.” Personal service was not made on Mr. Roby himself. , Further, the service was made at Mr. Roby’s law office, and not at his domicile. In order for this initial service of the petition at Mr. Roby’s office to have been valid, it must have been effected upon him personally because he is a party, not counsel of record. Even if we were to assume that Greta is his secretary, service on her under these circumstances is invalid. Alternatively, the plaintiff could have effected domiciliary service by showing that ■ Mr. Roby’s office was his domicile, and that Greta was a resident therein. •
Whenever service is made other than by the sheriff, there is no presumption of valid service, and service must.be proven like any other fact. La. C.C.P. art. 1293. In this case, neither proper personal or domiciliary service was shown by RJCHCC in filing for the preliminary default, or at the hearing confirming the default.
As stated earlier, a default judgment rendered in the absence of valid service of process is an.absolute nullity. We find that the trial court erred in confirming the preliminary default, and. therefore in denying Mr. Roby’s motion to annul the default judgment against him.
Plaintiff argues that service was proper pursuant to La.' C.C.P. art. 1235(B) which provides that “Service on an attorney, as a representative of a client, is proper when the attorney’s secretary is served in the attorney’s office.” In this case, Mr. Roby is not a client’s representative, but is the defendant. In addition, there is nothing to show that “Greta” is Mr. Roby’s secretary as defined by La. C.C.P. art. 1235(C). Finally, in Jones v. Jones, 98-1052 (La.App. 3 Cir. 10/28/98), 721 So.2d 540, 541, the Court noted that service on counsel of record, as a representative, is permitted only of pleadings subsequent to the original petition, citing La. C.C.P. art. 1313 and 1314.
Because we find the judgment of default to be an absolute nullity, we do not consider appellant’s second assignment of error, namely that the record does not contain sufficient evidence to establish a prima facie case to support confirmation of the default judgment.
Accordingly, we reverse the judgment of the trial court confirming a default judgment against defendant Clarence Roby. This case is remanded for further proceedings.
REVERSED AND REMANDED

. A separate suit arising out of the relationship between Mr. Roby and JCHCC is currently pending; Law Office of Clarence Roby; Jr., APLC v. Jefferson Community Health Care Centers, et al, No.2013-2012, Civil District Court for the Parish of Orleans.