TIMOTHY D. KOEHL

VERSUS

RLI INSURANCE COMPANY, ET. AL

NO. 23-C-563

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 758-658, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

October 30, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and Timothy S. Marcel

**MOTION TO DISMISS DENIED;**
**WRIT DENIED**
  **FHW**
  **SJW**
  **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RELATOR,
TIMOTHY D. KOEHL
    Darla L. D'Amico
    Michael J. Almerico

COUNSEL FOR DEFENDANT/RESPONDENT,
AXIS SURPLUS INS. CO.
    Sarah R. Smith
    Rachel D. Chance

COUNSEL FOR DEFENDANT/RESPONDENT,
RLI INS. CO. AND PACKARD TRUCK LINES, LLC
    Matthew D. Moghis
    William Peter Connick
    Michael S. Futrell
    Tucker H. Wimberly

DEFENDANT/RESPONDENT,
EXECUTOR OF THE SUCCESSION OF ROBERT T. SALASSI
    Robert T. Salassi, Jr. - In Proper Person

**WICKER, J.**

In this writ application, plaintiff seeks review of the trial court's August 10, 2023 judgment, denying his "Motion to Annul, Set Aside, and Vacate Judgment." For the following reasons, we deny the writ.

## FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle accident that occurred on March 14, 2015 in Metairie, Louisiana. According to plaintiff, Timothy Koehl, he was stopped at a stop sign at the exit of a Lowe's parking lot, waiting to turn right onto Veterans Boulevard, when a vehicle driven by defendant, Robert Salassi, attempted to turn into the parking lot from Veterans and struck his vehicle. At the time of the accident, Mr. Salassi, who was one of the three members/owners of Packard Truck Lines, L.L.C. ("Packard") until his November 2015 death, was driving a personally owned vehicle listed as a "covered auto" under Packard's commercial automobile liability policy issued by defendant, RLI Insurance Company ("RLI"), as the primary insurer. Packard also had commercial liability coverage with Axis Surplus Insurance Company ("Axis") as its excess insurer.

On March 11, 2016, Mr. Koehl filed this lawsuit against Mr. Salassi, Packard, and RLI, alleging he suffered substantial injuries as a result of the accident. On June 26, 2019, Mr. Koehl filed a first supplemental and amending petition, adding Axis Surplus Insurance Company ("Axis") and Jamie Salassi, the surviving spouse and testamentary executrix of Mr. Salassi's estate, as defendants.

Thereafter, the parties filed various pleadings, including motions for summary judgment pertaining to insurance coverage, waiver of affirmative defenses, and vicarious liability that were denied by the trial court. Defendants sought review of the denial of their motions for summary judgment. On March 29, 2021, this Court denied the insurers' writ applications seeking review of the denial of their motions. *See Koehl v. RLI Ins. Co., et al.*, 21-C-69 c/w 21-C-70 and 21-C-

74 (La. App. 5 Cir. 3/29/21) (unpublished writ disposition). On May 12, 2021, this Court granted Packard's writ application, after determining Mr. Salassi was not in the course and scope of his employment with Packard at the time of the accident, and granted summary judgment in Packard's favor, dismissing Mr. Koehl's claims of vicarious liability against it. *See Koehl v. RLI Insurance Company*, 21-68 (La. App. 5 Cir. 5/12/21), 325 So.3d 1110, 1115.

On April 18, 2023, RLI and Axis re-urged their previously filed motions for summary judgment on the issues of coverage and waiver of affirmative defenses. RLI also filed an exception of no right of action, alleging that Mr. Koehl had no right of action against RLI as Packard's insurer, because this Court found Packard had no liability. On April 19, 2022, the trial court rendered judgment in favor of RLI and Axis, granting their motions for summary judgment and RLI's exception and dismissing Mr. Koehl's claims against them with prejudice.[1]

Mr. Koehl appealed the April 19, 2022 judgment raising three assignments of error: 1) the trial court erred as a matter of law in granting summary judgment in favor of RLI and Axis on the issues of coverage and waiver, because RLI and Axis made "repeating multiple admissions" against their interests, and because there is coverage for Mr. Salassi's vehicle and no policy exclusions apply; 2) the trial court erred in granting the motions for summary judgment when there remain genuine issues of material fact regarding waiver; and 3) the trial court erred in granting the peremptory exception of no right of action, because the petition expressly states a cause of action against the insurer of a "covered auto" under Louisiana's general law of negligence and Compulsory Motor Vehicle Liability Laws, La. R.S. 32:900,

---

[1] The judgment was amended on October 18, 2022, to include the proper decretal language for a valid, final judgment per La. C.C.P. arts. 1918 and 1951.

32:861, and 22:126. *Koehl v. RLI Ins. Co.*, 22-370 (La. App. 5 Cir. 5/24/23), 367 So.3d 122, 127-28.

On appeal, this Court affirmed the summary judgment granted in favor of Axis, finding that Mr. Salassi, driving a vehicle that he personally owned, was not an "insured" under the terms and exclusions of the policy. *Id.* at 131-132. However, as to the summary judgment on coverage and the partial summary judgment on waiver granted in favor of RLI, this Court reversed, finding "genuine issues of material fact as to whether RLI waived its affirmative defenses as to coverage in this case," and remanded the matter to the trial court for further proceedings. *Koehl*, 367 So.3d at 130. This Court also reversed the judgment granting RLI's exception of no right of action. *Id.* at 132. The Louisiana Supreme Court denied writs. *Koehl v. RLI Ins. Co.*, 23-1057 (La. 12/5/23), 373 So.3d 980; and *Koehl v. RLI Ins. Co.*, 23-1052 (La. 12/5/23), 373 So.3d 981.

On April 18, 2023, after the appeal was submitted to this Court but before this Court's May 24, 2023 opinion was issued, Mr. Koehl filed in the trial court a "Motion to Annul, Motion to Set Aside, and Motion to Vacate Judgment" ("motion to annul"). In his motion, Mr. Koehl cited La. C.C.P. art. 2002, *et seq.*, and argued that the April 19, 2022 judgment, which was pending on appeal, is an absolute nullity "because there was no proper service requested and/or made upon the defendant, Successor to Independent Testamentary Executrix, Robert Salassi, Jr., Executor of the Succession of Robert T. Salassi, of each of these Defendant's respective, dispositive Summary Judgments."

On August 10, 2023, the trial court denied Mr. Koehl's motion to annul. The trial court's reasons for judgment reflect it construed Mr. Koehl's pleading as

a motion for new trial and found the motion, filed approximately one year after the trial court's April 19, 2022 judgment, to be untimely under La. C.C.P. art. 1972.[2]

## LAW AND DISCUSSION

On December 7, 2023, Mr. Koehl filed this writ application, seeking review of the August 10, 2023 judgment denying his motion to annul.[3] On January 13, 2024, Axis filed a motion to dismiss this writ application, asserting the trial court correctly construed Mr. Koehl's motion to annul as an untimely motion for new trial. Axis further argues: 1) the service issue was already presented to this Court; 2) there was no deficiency in service, pursuant to La. C.C.P. art. 1313(A)(3); 3) the jurisprudence cited by Mr. Koehl in support of his writ application is not dispositive of the instant dispute; and 4) precedent from this Court supports a finding that Mr. Koehl waived any argument regarding service.

Axis has not alleged any procedural or jurisdictional issues pertaining to the writ application. The issues raised in Axis' motion to dismiss primarily address the merits of the writ application and provide no basis for dismissal prior to consideration of the merits. Accordingly, we deny Axis' motion to dismiss the writ application.

Turning to the merits of the writ application, Mr. Koehl contends the trial court erred by denying his motion to annul the April 19, 2022 judgment, because RLI and Axis failed to serve Mr. Salassi's succession with the motions for summary judgment and exception of no right of action, including the hearing date. He states that failure to serve a party is a vice of form under La. C.C.P. 2002, which renders the judgment an absolute nullity. Mr. Koehl further argues the

---

[2] Although the trial court relied on La. C.C.P. art. 1972, which concerns the grounds for the granting of a new trial, it appears the trial court considered La. C.C.P. art. 1974, which concerns the time delay for applying for a new trial.
[3] Mr. Koehl also filed an appeal with this Court, case number 23-CA-585, requesting the same review that he seeks in this writ application.

judgment should be annulled due to fraud or ill practices pursuant to La. C.C.P. art. 2004.

As to RLI, we find that the trial court had no basis to grant the motion to annul and therefore, the motion was properly denied. While Mr. Koehl's appeal of the April 19, 2022 judgment was pending in this Court, he filed his motion to annul the judgment in the trial court. On May 24, 2023, this Court reversed the summary judgments in favor of RLI and the judgment granting RLI's exception of no right of action. Consequently, on August 10, 2023, when the trial court rendered its judgment denying the motion to annul, the matter was moot since the judgment had already been reversed as to RLI.

With regard to Axis, in our May 24, 2023 opinion, this Court affirmed the summary judgment rendered in Axis' favor. Therefore, it was in effect when the trial court ruled on the motion to annul.

"The nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006." La. C.C.P. art. 2001. La. C.C.P. art. 2002 provides for annulment of a final judgment for vices of form, which include lack of jurisdiction and lack of service, and states that an action on these grounds may be brought at any time. *Anderson v. Anderson*, 20-186 (La. App. 5 Cir. 12/23/20), 309 So.3d 868, 873. La. C.C.P. art. 2004 provides for annulment of a final judgment for vices of substance, specifically fraud or ill practices, and limits the time to bring action on those grounds to one year. Mr. Koehl brought his motion to annul under both article 2002 and article 2004.

A judgment that is rendered when there is a vice of form, such as invalid service of process, is an absolute nullity. *Jefferson Community Health Care Center, Inc. v. Roby*, 15-198 (La. App. 5 Cir. 11/19/15), 180 So.3d 585, 587; *Barnett Marine, Inc. v. Van Den Adel,* 96-1029 (La. App. 5 Cir. 4/9/97), 694 So.2d

453, 456-457, *writ denied,* 97-1236 (La. 9/26/97), 701 So.2d 983. Although the Code of Civil Procedure provides for an "action of nullity," allowing parties to file a direct action to nullify a prior incorrect judgment, it is well-settled that an absolutely null judgment may also be collaterally attacked by procedural means short of a petition for nullity, such as a contradictory motion or rule. *Zavala v. Dover Constr. USA, LLC,* 17-1 (La. App. 1 Cir. 4/11/18), 249 So.3d 24, 29; *Lexington Ins. Co. v. Tasch, Inc.*, 12-339 (La. App. 5 Cir. 11/27/12), 105 So.3d 950, 956.

Mr. Koehl sought to annul the April 19, 2022 judgment collaterally by filing a motion to annul the judgment, in lieu of filing an ordinary proceeding. In order for an appellate court to consider the merits of a collateral attack based on a vice of form, the defect raised must be apparent on the face of the record. *G R Const. & Renovation, LLC v. White*, 14-62 (La. App. 5 Cir. 5/21/14), 142 So.3d 207, 209; *Lepine v. Lepine*, 17-568 (La. App. 5 Cir. 3/14/18), 243 So.3d 737, 741.

Mr. Koehl contends the service defect is apparent on the face of the record, because the record shows that on August 2, 2021, the trial court granted the motion to withdraw filed by Steven Medo, prior counsel for the succession, and defendants did not request service of their motions or the hearing date on Mr. Salassi's succession. Counsel for Axis indicated in its re-urged motion for summary judgment that a copy of the pleading was served on all counsel of record, including Mr. Medo. RLI's motions for summary judgment indicate service was sent by electronic mail to all known counsel of record. Mr. Koehl filed a memorandum in opposition to the motions, indicating all counsel of record were served. However, the record does not reflect the succession had counsel of record at that time.

We agree with Mr. Koehl that a collateral attack on the judgment was permissible. However, our review of the record reveals Mr. Koehl waived any right to object to lack of proper service on the succession in this matter.

A motion for summary judgment is a contradictory proceeding that requires service of process. La. C.C.P. arts. 1313 and 1314; *Reed v. Landry*, 21-589 (La. App. 5 Cir. 6/3/22), 343 So.3d 874, 878. The party contending insufficient service of process must file a declinatory exception and request a ruling on the exception prior to submitting to a hearing on the merits of the motion for summary judgment. *Id.*; *State v. Kee Food, Inc.*, 17-127 (La. App. 1 Cir. 9/21/17), 232 So.3d 29, 32, *writ denied*, 17-1780 (La. 12/5/17), 231 So.3d 632.

A party who fails to file an exception of insufficient service of process and appears and argues the merits of a motion for summary judgment waives the right to object to improper service of process. La. C.C.P. art. 925; *Kee Food, Inc.,* 232 So.3d at 32; *Reed*, 343 So.3d at 878. While a declinatory exception is required to be in writing pursuant to La. C.C.P. art. 924, courts have acknowledged an exception of insufficient service of process if service is orally objected to at the hearing. *Id.*

Here, Mr. Koehl contends there was insufficient service of process on another party, the succession. However, he did not file an exception or written objection as to service, nor did he orally object to service of process at the hearing of the motion on the merits. Instead, counsel for Mr. Koehl appeared and argued his position before the trial court. Thus, since Mr. Koehl did not file a declinatory exception or otherwise object prior to appearing and arguing the motion for summary judgment, we find he waived the right to object on the grounds of improper service of process.

Additionally, La. C.C.P. art. 2005 provides that "[a] judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court." The law is clear that the existence of either of the conditions in La. C.C.P. art. 2005 may prohibit maintenance of a nullity action.

*Dumas v. Board of Ethics*, 19-289 (La. App. 1 Cir. 11/15/19), 290 So.3d 1143, 1147, *writ denied*, 19-2017 (La. 2/10/20), 294 So.3d 475.

The grounds Mr. Koehl raises for annulment of the judgment were in the record of the appeal of the April 19, 2022 judgment, as indicated by the service information on the motions for summary judgment and the order granting Mr. Medo's motion to withdraw. Further, in his previous appeal, while he did not raise the service issue as an assignment of error, Mr. Koehl mentioned the service issue in his appellant brief, asserting that "[s]ervice on the Salassi Succession Defendant of the Summary Judgment filed on February 22, 2022, was not requested" and "due process issues are present." Moreover, while we are not a court of record, the parties agree in their memoranda that the service issue was discussed during oral argument of the appeal. Therefore, because the grounds for nullity appeared in the record of the prior appeal, La. C.C.P. art. 2005 precludes an action to nullify the judgment.

Because the nullity action is precluded under La. C.C.P. art. 2005, and considering Mr. Koehl waived any right to object to improper service by failing to file an exception of insufficiency of service of process or to object at the hearing, we find no error in the trial court's August 10, 2023 judgment denying Mr. Koehl's motion to annul the April 19, 2022 judgment in favor of Axis.

## CONCLUSION

For the reasons provided herein, we deny Axis' motion to dismiss this writ application. We further find the trial court correctly denied Mr. Koehl's "Motion to Annul, Motion to Set Aside, and Motion to Vacate Judgment." Accordingly, this writ application is denied.

**MOTION TO DISMISS DENIED;**
**WRIT DENIED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 30, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-563

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARLA L. D'AMICO (RELATOR)          MATTHEW D. MOGHIS (RESPONDENT)          MICHAEL S. FUTRELL (RESPONDENT)
WILLIAM PETER CONNICK (RESPONDENT)

### MAILED
ROBERT T. SALASSI, JR.  (RESPONDENT)
2085 BROOKRIDGE TERRACE
ALPHARETTA, GA 30004-1681

RACHEL D. CHANCE (RESPONDENT)
ATTORNEY AT LAW
400 POYDRAS STREET
SUITE 1300
NEW ORLEANS, LA 70130

SARAH R. SMITH (RESPONDENT)
ATTORNEY AT LAW
24 GREENWAY PLAZA
SUITE 1400
HOUSTON, TX 77046

MICHAEL J. ALMERICO (RELATOR)
ATTORNEY AT LAW
501 CLEARVIEW PARKWAY
METAIRIE, LA 70001

TUCKER H. WIMBERLY (RESPONDENT)
ATTORNEY AT LAW
3421 NORTH CAUSEWAY BOULEVARD
SUITE 408
METAIRIE, LA 70002