| | |
|---|---|
| 1900 ST. ANN LLC AND JOHN W. HOLMES | NO. 24-CA-188 |
| VERSUS | FIFTH CIRCUIT |
| TRACY WILLIAMS AND FLAWLESS CONSTRUCTION LLC | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 830-918, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

November 27, 2024

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Timothy S. Marcel

**<u>VACATED AND REMANDED</u>**

 **SMC**
 **MEJ**
 **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
TRACY WILLIAMS AND FLAWLESS CONSTRUCTION LLC
     Albert A. Thibodeaux

COUNSEL FOR PLAINTIFF/APPELLEE,
1900 ST. ANN LLC AND JOHN W. HOLMES
     Robert S. Stassi
     Conor T. Lutkewitte
     Patrick R. Stewart

**CHEHARDY, C.J.**

Defendants, Tracy R. Williams and Flawless Construction, LLC, appeal from the trial court's denial of their motion to annul a partial final default judgment rendered on July 24, 2023, against Williams, individually, and in favor of plaintiffs, 1900 St. Ann LLC and John Holmes, claiming the judgment is an absolutely nullity due to improper service of citation and petition under Louisiana's long-arm statute. For the reasons discussed more fully below, we find the default judgment rendered against Williams, individually, is absolutely null due to Holmes' failure to comply with the strict requirements necessary to obtain a default judgment under La. R.S. 13:3205 of the long-arm statute. Therefore, we vacate the partial final default judgment rendered against Williams, individually, and remand the matter for further proceedings.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 27, 2022, plaintiffs, John Holmes and 1900 St. Ann LLC (collectively "Holmes"), filed a verified petition for damages and declaratory judgment alleging claims against defendants, Tracy Williams and Flawless Construction LLC ("Flawless"), of which Williams is the sole member and registered agent.[1] Holmes originally requested service of the petition on Williams, individually, and Flawless, through Williams as its agent for service of process, at 1425 North Prieur Street and 10254 North Claiborne Avenue in New Orleans, Louisiana. The record evidences that service was not able to be perfected at that address. Consequently, on August 16, 2022, in response to a motion filed by Holmes, the trial court signed an order appointing Luke Spurr Allen as a private process server to perfect service upon Williams and Flawless.

---

[1] The petition asserted claims for breach of fiduciary duties, slander of title, breach of contract, and three declaratory judgments regarding certain properties and assets purportedly owned by 1900 St. Ann LLC. According to Holmes' petition, both he and Williams are both members in 1900 St. Ann LLC

24-CA-188                                    1

On December 9, 2022, counsel for Holmes sought to serve Williams, individually, pursuant to Louisiana's long-arm statute, La. R.S. 13:3201, *et seq.*, through the use of a commercial courier by depositing a pre-paid envelope with Federal Express ("FedEx") containing a letter directed to Tracy R. Williams and enclosing citation and a certified copy of the petition for damages and declaratory judgment.  The FedEx envelope was addressed to "Ms. Tracy R. Williams" at "348 Hauser Blvd., #1-226, Los Angeles, CA, US, 90036."[2]

On May 3, 2023, counsel for Holmes filed into the record an "Affidavit of Proof of Service" attesting therein to the manner of service of citation and the petition upon Williams, individually, as described above pursuant to La. R.S. 13:3201, *et seq.*  Counsel's affidavit, submitted to establish his proof of service upon Williams, individually, further attested, in pertinent part:

* * *

3. Attached hereto and made part of this affidavit as *Exhibit A* is a copy of the letter mailed and which enclosed Citation and Certified Copy of the Petition **to Flawless Construction, LLC, through its Registered Agent,** at 348 Hauser Boulevard #1-226, Los Angeles, California 90036, via commercial courier.

4. The document described above was **delivered** via FedEx **on December 12, 2022**, as evidenced by the signature on the Proof of Delivery, **Tracking No. 77073367274,** a copy of which is attached hereto as *Exhibit B*.  [Emphasis supplied.]

The FedEx proof of delivery that was attached as Exhibit B to counsel's affidavit of proof of service upon Williams, individually, however, evidences that the envelope that was addressed to "Ms. Tracy R. Williams" at "348 Hauser Blvd, #1-226, Los Angeles CA, US, 90036" was signed as delivered by FedEx on **December 10, 2022**—*not* on December 12, 2022—and bore tracking no.

---

[2]     Also on December 9, 2022, counsel for Holmes' deposited an envelope with Fed-Ex containing citation and a certified copy of the petition for damages and declaratory judgment.  The second envelope was addressed to "Flawless Construction, LLC, c/o Tracy R. Williams" also at "348 Hauser Blvd., #1-226, Los Angeles, CA 90036."

**770733222886**—*not* tracking no. 77073367274—as set forth in counsel's affidavit of proof of service.[3]

On July 24, 2023, when neither Williams nor Flawless had filed an answer or other responsive pleading to the petition within the time prescribed by law, Holmes moved for a partial final default judgment, without appearing for a hearing in open court as provided in La. C.C.P. arts. 1702.1[4] and 1702(B)(1).[5] Attached to Holmes's motion were documents he claimed established a *prima facie* case by competent and admissible evidence that he was entitled to a partial final default judgment on count three of his petition relating to conventional obligations, which included, among other documents, a copy of the entire record containing the May 3, 2022 affidavits of proof of service by counsel for Holmes, and the FedEx proofs of delivery attached thereto, attesting to proper service of citation and the petition upon Williams, individually, and Flawless, through its registered agent.

On July 24, 2023, without a hearing in open court, but after reviewing the affidavits and evidence offered by counsel for Holmes, the trial court entered a partial final judgment in favor of Holmes as to count three of his petition and

---

[3]     On May 3, 2022, counsel for Holmes contemporaneously filed into the record an affidavit of proof of service upon Flawless via the long-arm statute, attesting that he attached a copy of the letter enclosing citation and a certified copy of the petition to "Flawless Construction, LLC, through its Registered Agent" at the Hauser Boulevard address, via commercial courier. The affidavit of service further attested that FedEx delivered the envelope to Flawless on December 12, 2022, as evidenced by the signature on the "Proof of Delivery, Tracking No. 770733267274." The FedEx proof of delivery for the envelope delivered to Flawless, which was attached to counsel's affidavit of proof of service upon Flawless, bears the same date of delivery and the same tracking number set forth in counsel's affidavit.

[4]     Louisiana Code of Civil Procedure article 1702.1 provides, in pertinent part:

> A.  When the plaintiff seeks a default judgment without appearing for a hearing in open court as provided in Article 1702(B)(1) … the plaintiff shall file a written request for default judgment containing a certification that the suit is . . . on a conventional obligation . . . along with any proof required by law . . .
> B.  The certification shall indicate the type of service made on the defendant and the date of service . . .

[5]     Louisiana Code of Civil Procedure article 1702(B)(1) provides:

> When a demand is based upon a conventional obligation, affidavits and exhibits annexed thereto that contains facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of such demand. The court may, under the circumstances of the case, require additional evidence in the form of oral testimony before entering a default judgment.

24-CA-188                                           3

against Williams and Flawless.[6] The judgment ordered that the remaining counts and claims of Holmes' petition were reserved and are still pending. A notice of the signing of the "Judgment on Partial Final Default Judgment" was sent to Williams on July 25, 2023, at 348 Hauser Boulevard, #1-226, Los Angeles, California 90036. Also on July 25, 2023, a separate notice of judgment of the partial final default judgment was sent to Flawless in "c/o Tracy R. Williams" at 348 Hauser Boulevard, #1-226, Los Angeles, California 90036.

In response, on August 3, 2023, Williams and Flawless filed a motion to annul default judgment, alternatively, motion for new trial, challenging the partial final default judgment rendered against them in favor of Holmes on grounds that the judgment was an absolutely nullity since they were not properly served with citation and a certified copy of the petition pursuant to Louisiana's long-arm statute. An evidentiary hearing on the motion of Williams and Flawless was held on December 6, 2023. Williams did not personally appear at the hearing to disavow service, nor did her counsel call any witnesses or introduce any evidence attacking service.

At the close of the hearing, the trial court rendered judgment denying the motions of Williams and Flawless to annul the partial final default judgment, alternatively, motion for new trial, with prejudice. A written judgment to this effect was signed on December 12, 2023, and notice of judgment was properly mailed by the Clerk of Court.

On January 11, 2024, Williams and Flawless filed a motion for suspensive appeal, which was granted on January 12, 2024. When Williams and Flawless failed to furnish security, the trial court signed an order converting the appeal to a devolutive appeal.

---

[6] The trial court expressly determined there was no just reason for delay, pursuant to La. C.C.P. art. 1915(B)(1).

**LAW AND ANALYSIS**

The issue before this Court that is dispositive of this appeal is whether the trial court erred in denying the motion to annul the partial final default judgment rendered solely as against Williams, individually, on grounds that the judgment is an absolute nullity due to Holmes' failure to strictly comply with the requirements for proof of service under the long-arm statute. Notably, Williams and Flawless do not contest on appeal the trial court's denial of their motion to annul the partial final default judgment rendered against Flawless. Accordingly, the partial final default judgment rendered against Flawless as to count three of Holmes' petition is a final judgment and is *res judicata* as to Flawless.

A final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid default judgment has not been taken. La. C.C.P. art 2002(A)(2); *Collier v. Landry*, 12-718 (La. App. 5 Cir. 4/10/13), 115 So.3d 31, 33. A default judgment may not be taken against a person who has not received citation and service thereof. *Id.*; *Clay v. Clay*, 389 So.2d 31, 37-38 (La. 1979).

Section 3201 of Louisiana's long-arm statute, La. R.S. 13:3201 *et seq.*, entitled "Personal jurisdiction over nonresidents" provides, in pertinent part:

> A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by a nonresident:
>
> (1) Transacting any business in this state.
>
> (2) Contracting to supply services or things in this state.
>
> ***
>
> (5) Having an interest in, using or possessing a real right on immovable property in this state.

Service of process is critical to the exercise of personal jurisdiction over a defendant. *Wilkerson v. Hunter*, 24-17 (La. App. 5 Cir. 7/17/24), --- So.3d ---, 2024 WL 3439942 *3. Personal jurisdiction over non-residents is fully dependent upon strict compliance with the long-arm statute's procedural requirements. *Id.*; *Folse v. St. Rose Farms, Inc.*, 14-436 (La. App. 5 Cir. 11/25/14), 165 So.3d 104, 108. A judgment against a defendant who has not been properly served and has not entered a general appearance is absolutely null due to a vice of form. La. C.C.P. arts. 1201(A) and 2002(A)(2); *Burfict v. Mafia/"Bad" Masons*, 07-466 (La. App. 5 Cir. 11/27/01), 973 So.2d 809, 811. An absolutely null judgment for a vice of form under La. C.C.P. art. 2002(B) may be raised by any interested person at any time, before any court, and through a collateral proceeding, such as a contradictory motion or rule. *Folse*, 165 So.3d at 107.

Service of process under La. R.S. 13:3204 requires as follows, in pertinent part:

> A. In a suit under R.S. 13:3201, a certified copy of the citation . . . and of the petition . . . shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, **or actually delivered to the defendant by commercial courier**, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction. [Emphasis supplied.]

Personal jurisdiction over a nonresident obtained by use of the long-arm statute may not attach if the service of process falls short of La. R.S. 13:3204's requirements. *Clay*, 389 So.2d at 37. The contents of the affidavit of proof service of process that a plaintiff must submit before a court can enter a default judgment against a nonresident defendant is explained in La. R.S. 13:3205:

> No default judgment may be rendered against the defendant and no hearing may be held on a contradictory

motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 *et seq.*, until thirty days after the filing in the record of the affidavit of the individual who has done any of the following:

(1) Mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mail, to which shall be attached the return receipt of the defendant.

(2) **Utilized the services of a commercial courier to make delivery of the process to the defendant, showing the name of the commercial courier,** *the date*, **and the address at which** *the process was delivered to the defendant*, **to which shall be attached the** *commercial courier's confirmation of delivery*.

(3) Actually delivered the process to the defendant, showing the date, place and manner of delivery.

[Emphasis supplied.]

The requirements of Articles 3204 and 3205 are mandatory and must be strictly construed. *Wilkerson*, 2024 WL 3439942 at *3; *Collier*, 115 So.3d at 34; *see also Edwards v. Mathieu*, 14-673 (La. App. 4 Cir. 3/11/15), 163 So.3d 110, 114, *writ denied*, 15-736 (La. 6/1/15), 171 So.3d 934. A preliminary default judgment obtained without strict compliance with the procedural requirements of La. R.S. 13:3204 and La. R.S. 13:3205 is an absolute nullity. *Wilkerson*, *supra* at *3.

In the instant case, the affidavit of proof of service filed in the record by counsel for Holmes on May 3, 2023, attested that on December 9, 2022, he deposited with FedEx an envelope addressed to "Tracy Williams, at 348 Hauser Boulevard #1-226, Los Angeles, CA 90036," and that the envelope, containing citation and a certified copy of the petition, was "delivered via FedEx on December 12, 2022," to Tracy Williams, individually, "as evidenced by the signature on the Proof of Delivery, Tracking No. 770733267274." However, the FedEx "proof of delivery" that was attached to counsel's affidavit of proof of

service upon Williams, individually, indicates that the envelope addressed to "Tracy Williams" was *not* delivered at the address thereon on December 12, 2022, but rather, was delivered on December 10, 2022, and it did not bear tracking no. 70733267274, but bore tracking no, 770733222886.

Section 3205(2) states that in order to obtain a default judgment when the services of a commercial courier are used to make delivery of process to the defendant, the affidavit *must* show the date process was delivered to the defendant and must attach the commercial carrier's confirmation of delivery. Here, we find that counsel's affidavit of proof of service upon Williams, individually, is fatally flawed as it does not conform to the commercial courier's proof of delivery to Tracy Williams. The affidavit of proof of service alleges the incorrect date of delivery and alleges the incorrect FedEx tracking number as evidenced by the commercial courier's proof of delivery and the actual FedEx label affixed to the envelope counsel for Holmes deposited with FedEx.

Because Holmes failed to provide proof of service sufficient to support the partial final judgment rendered against Williams pursuant to La. R.S. 13:3204 and 13:3205, we find the trial court manifestly erred in denying the motion to annul, and are constrained to hold the partial final default judgment rendered against Williams, individually, an absolute nullity.

## CONCLUSION

Based on the foregoing, we find that the default judgment entered against defendant, Tracy Williams, individually, is an absolute nullity and vacate the judgment as to her. The matter is remanded for further proceedings.

**VACATED AND REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-188

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
ALBERT A. THIBODEAUX (APPELLANT)     CONOR T. LUTKEWITTE (APPELLEE)          KYLE J. E. KOCH (APPELLEE)
ROBERT S. STASSI (APPELLEE)

**MAILED**
PATRICK R. STEWART (APPELLEE)
ATTORNEY AT LAW
1100 POYDRAS STREET
SUITE 3100
NEW ORLEANS, LA 70163